**IMG-243**                                                     **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 09-4159
_____

XIU YUE YAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-023-380)
Immigration Judge: Honorable Henry S. Dogin

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2010
Before:   SCIRICA, SMITH AND WEIS, Circuit Judges

(Opinion filed: July 02, 2010)

_____

OPINION

_____

PER CURIAM

Xiu Yue Yan seeks review of a final order of removal.  For the reasons that

follow, we will deny the petition for review.

1

Petitioner Xiu Yue Yan, a native and citizen of the People's Republic of China, entered the United States at O'Hare International Airport, in Chicago, Illinois, in September 2005, and conceded that he was removable.  She sought asylum, withholding of removal, and CAT relief, predicated on her past persecution and fear of persecution based on her practice of Falun Gong.  Yan testified that her parents were Falun Gong practitioners.  In 2001, the police came to her family's home, looking for her parents, who were not home.  Yan asserts that she was "harassed" and "threatened," and that the police returned every few days.  Her parents did not return until 2004.  Shortly thereafter, the police returned to the house, but her parents had already left.  The police took Yan into custody and interrogated her for two days.

Yan states that she began practicing Falun Gong in 2005.  Her cousin, a mailman in a government office, discovered that the police planned to arrest Yan.  He warned her, and she arranged to leave China.  She has continued to practice Falun Gong while in the United States.  She testified that her uncle has told her that the police are still looking for her and that she will be arrested as a Falun Gong practitioner if she returns to China.

The Immigration Judge ("IJ") denied relief, finding that Yan was not credible, and that in any event she had not demonstrated past or future persecution, or past or future torture.  The IJ questioned the probative value of her uncle's unsworn

statement[1], and discounted an affidavit from Yan's friend that attested to Yan's continuing practice of Falun Gong in the United States.[2] The IJ also took fault with Yan's failure to produce any corroborating evidence from her cousin or any of her four siblings, who still live in China, regarding the police activity at the family home, or any documentation supporting her claim that she was held in police custody for two days in 2004. The IJ did not believe her claim that she had been arrested, and concluded that even if she had been, she was "not harmed and was not physically beaten," and her experience did not rise to the level of persecution. (A.R. 54.) The IJ also determined that Yan had failed to support her claim that she is a current Falun Gong practitioner.

The IJ considered Yan's sworn statement at the airport upon entering the country in 2005. The IJ noted that she was questioned in her own language, and that she acknowledged that she understood each question. Yan stated that her parents were being sought by the police for their Falun Gong activities, and that she came to the United States because she was looking for a job and because the police wanted to arrest her parents. She denied practicing Falun Gong herself, and denied that the police wanted to arrest her. Yan later testified that her airport statement was false, and that she had merely

---

[1] The uncle's statement recounts the police activity at Yan's family's home in 2001 and 2004. However, he does not say that the police are still currently searching for Yan, nor does he explain how he knows the information contained in his statement.

[2] The friend states in her affidavit that she knew that Yan's family was persecuted in China due to their Falun Gong activities. She does not say that Yan herself practiced Falun Gong activities in China, nor does she explain how she knows the information. The affiant, an asylee living in Flushing, did not appear before the IJ to testify.

followed the "snakehead's" instructions to deny being a Falun Gong practitioner. Based upon the airport statement and the lack of other corroborating evidence, the IJ did not believe Yan had ever practiced Falun Gong in China, and concluded that any threats of arrest due to her refusal or inability to reveal the whereabouts of her parents did not rise to the level of persecution.

The Board of Immigration Appeals ("BIA") agreed with the IJ's conclusions and affirmed, finding that Yan had not met her burden of proof under any of the applicable standards. Yan filed a timely petition for review.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "Because the [BIA] implicitly adopted the findings of the Immigration Judge while discussing the IJ's conclusions, we review the decisions of both the [BIA] and the IJ." Issiaka v. Att'y Gen., 569 F.3d 135, 137 (3d Cir. 2009). We review factual findings, including adverse credibility determinations, for substantial evidence, see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005), upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 262 (3d Cir. 2003) (en banc). Because Yan filed her asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not

4

go to the heart of her claims. See 8 U.S.C. § 1158(b)(1)(B)(iii); Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of her demeanor, the plausibility of her story and on the consistency of her statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

## III.

Yan first claims that the adverse credibility finding is not supported by substantial evidence. She argues that the IJ's determination is problematic because the IJ relied solely on inconsistencies between her airport interview and her presentation at her removal hearing. See Fiadjoe v. Att'y Gen., 411 F.3d 135, 159 (3d Cir. 2005) (inconsistencies between airport interviews and testimony before an IJ are insufficient to support an adverse credibility finding). The BIA agreed with the IJ that Yan's explanation for the discrepancies was unconvincing, and properly concluded that the reliability concerns about airport interviews were not present in Yan's case. See id. at 159 ("Such an interview is likely to be hurried; language difficulties arise; the results may be inaccurately recorded, and an arriving alien who has suffered abuse in his home country may be reluctant to reveal full information in his or her first meeting with the government."); see also Xie v. Ashcroft, 359 F.3d 239, 246 (3d Cir. 2004).

Moreover, the IJ and BIA did not rely on Yan's inconsistent statements alone. Yan's two supporting documents–statements from an uncle in China and a friend in New York–were insufficiently substantiated and were discounted. The IJ noted that

5

because Yan's claims were suspect, she was required to support her claims with corroborating evidence. See Abdulai, 239 F.3d at 551-52. Yan argues that statements from her siblings in China would have been duplicative of her other evidence, and that it was too dangerous for her cousin, a government employee, to provide an affidavit. Nevertheless, the statements Yan did provide were of questionable probative value. We find that the BIA reasonably relied on Yan's lack of corroborating evidence, including statements from her siblings and fellow Falun Gong practitioners in the United States.

Yan next argues that the IJ and BIA erred in finding that she had failed to meet her burden of proof. "[P]ersecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003). The BIA determined that Yan's account of the problems stemming from her parents' Falun Gong activities–the repeated police visits and the two days of custodial interrogation–even if credible, do not establish past persecution. The BIA is correct that such harm and threats of harm do not rise to the level of persecution. See Voci v. Gonzales, 409 F.3d 607, 614-15 (3d Cir. 2005) (persecution does not include "isolated incidents that do not result in serious injury"). Accordingly, Yan has not met her burden of proof for asylum relief.

As Yan has failed to meet the burden for asylum, she fails to meet the higher burden for withholding of removal under 8 U.S.C. § 1231(b)(3). See Lukwago v.

Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).  Likewise, the record does not support her

claim for CAT protection.  See id. at 182-83.  Accordingly, the BIA properly denied CAT

relief.

IV.

For the foregoing reasons, we will deny the petition for review.